142 Nev., Advance Opinion 48



FILED

Jul 02 2026
ELIZABETH A. BROWN
CLERK OF SUPREME COURT

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| CHARLES ROCHA,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA<br>DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES, DIVISION OF<br>PUBLIC AND BEHAVIORAL HEALTH,<br>Respondent. | No. 87729 |

Appeal from a district court order denying a petition for judicial review of an administrative order. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

*Vacated and remanded.*

Law Office of Daniel Marks and Adam Levine and Daniel Marks, Las Vegas, for Appellant.

Aaron D. Ford, Attorney General, Heidi Perry Stern, Solicitor General, and Cameron P. Vandenberg, Chief Deputy Attorney General, Carson City, for Respondent.

BEFORE THE SUPREME COURT, EN BANC.

*OPINION*

By the Court, STIGLICH, J.:

Parties dissatisfied with an administrative decision may petition for judicial review of the agency's determination. NRS 233B.130. Upon considering a petition for judicial review, a district court may, if

warranted, set aside the administrative decision and remand for new agency proceedings. NRS 233B.135(3). A district court's order remanding an agency action for further proceedings generally is not a final determination on the merits and therefore is not appealable. NRAP 3A(b). However, upon conclusion of the proceedings on remand, a dissatisfied party may newly petition the district court for judicial review of the final decision pursuant to NRS 233B.130. In addition to contesting the substance of the proceedings on remand, this second petition may also raise jurisdictional issues with the first petition for judicial review.

In this appeal from the district court's order denying appellant Charles Rocha's petition for judicial review of an agency decision on remand, Rocha seeks to void the decision on the basis that the district court lacked jurisdiction to remand the case. Respondent Department of Health and Human Services (DHHS) argues that the issue cannot be reached because Rocha's petition for judicial review was defective, such that the district court lacked jurisdiction to hear it. We conclude that, in general, a party to a judicial review proceeding who is aggrieved by a district court's remand order may challenge the district court's jurisdiction over that earlier proceeding in a subsequent petition for judicial review once the remanded administrative proceedings have concluded. Here, however, we cannot reach the merits of Rocha's argument because we agree with DHHS that Rocha's subsequent petition did not comply with NRS 233B.130(2)(a) and the district court therefore lacked jurisdiction to consider Rocha's claim. Accordingly, we vacate the district court's order denying Rocha's petition and remand with instructions to dismiss Rocha's petition for lack of jurisdiction.

*FACTS AND PROCEDURAL HISTORY*

Rocha was employed by DHHS as a forensic supervisor at a state facility that provides mental health services to criminal defendants. After an altercation between Rocha and a patient, DHHS terminated Rocha's employment. Pursuant to NRS 284.390, Rocha requested a hearing before the State of Nevada, Department of Administration Personnel Commission. The hearing officer reinstated Rocha and ordered full back pay. DHHS then petitioned the hearing officer to reopen the record and reconsider the matter under a client-abuse standard instead of the use-of-force standard that had been applied. The hearing officer declined to reopen the record and, after reconsideration, affirmed his earlier decision.

DHHS petitioned the district court for judicial review (PJR I) and moved to stay Rocha's reinstatement, again arguing that the hearing officer employed the wrong standard. Notably, DHHS served only Rocha with PJR I. The district court granted the stay and later granted PJR I in part, remanding the matter to the hearing officer with instructions to reconsider the matter using the client-abuse standard.[1] The hearing officer then issued a new decision, affirming Rocha's termination. In response, Rocha petitioned the hearing officer for reconsideration, which the hearing officer denied. Rocha then filed an appeal in this court. We dismissed the appeal for lack of jurisdiction, pointing out that NRS 233B.150 permitted appellate review of an administrative decision only after the district court entered final judgment in the matter. *Rocha v. State, Dep't of Health & Hum. Servs.*, No. 82485, 2022 WL 1261341 (Nev. Apr. 27, 2022) (Order Dismissing Appeal). Rocha was thus required to file and obtain a final

---

[1]The district court denied DHHS's request that it find in favor of DHHS.

decision on a petition for judicial review of the administrative decision on remand before any appeal could be filed in this court.

Rocha did so, filing a petition for judicial review (PJR II) of the agency's final determination on remand and, for the first time, asserting that the district court did not have subject matter jurisdiction over PJR I because DHHS did not serve PJR I upon the Attorney General per NRS 233B.130(2)(c)(2). But as Rocha's PJR II named only DHHS and not the Commission as a respondent in the caption, DHHS subsequently moved to dismiss the petition for noncompliance with NRS 233B.130(2)(a). The district court denied the motion, and Rocha filed an amended PJR II naming both the Commission and DHHS as respondents over a year later. DHHS moved again to dismiss the amended PJR II on identical grounds, and the district court again declined to do so. The district court then denied PJR II on the merits, finding that Rocha's challenge to PJR I was "beyond the scope of this Court's review." Rocha now appeals from the order denying PJR II.

## DISCUSSION

On appeal, among other things, Rocha argues that the district court should have granted PJR II to the extent it challenged the district court's jurisdiction over PJR I. According to Rocha, DHHS's failure to properly serve the Attorney General with PJR I prevented the district court from assuming jurisdiction over PJR I, thus rendering its order remanding the matter void for lack of subject matter jurisdiction. DHHS contends that PJR II is itself fatally defective because its caption did not name the Commission. According to DHHS, Rocha's PJR II failed to invoke the court's jurisdiction and required the petition's immediate dismissal.

*PJR II was the proper vehicle to contest PJR I's alleged jurisdictional defects*

Before we delve into whether the district court had jurisdiction over PJR II, we address the district court's determination that it could not

4

evaluate PJR I's alleged jurisdictional defects through PJR II. As noted, the district court found that Rocha's jurisdictional arguments were "beyond the scope" of the court's review and that the arguments were waived.

The Nevada Administrative Procedure Act (NAPA), codified at NRS Chapter 233B, was enacted "to establish minimum procedural requirements for the regulation-making and adjudication procedure of all agencies of the Executive Department of the State Government and for judicial review of both functions." NRS 233B.020. NAPA authorizes administrative agencies to adjudicate certain disputes. NRS 233B.121. Any party to an administrative proceeding who is aggrieved by a final agency decision resolving the dispute may seek judicial review. NRS 233B.130(1). Should the district court remand a matter to the agency, its order doing so "is not an appealable order, unless the order constitutes a final judgment on the merits and remands merely for collateral tasks." *Wells Fargo Bank, N.A. v. O'Brien*, 129 Nev. 679, 680-81, 310 P.3d 581, 582 (2013). Thus, a dissatisfied party who desires to contest an administrative decision after remand may utilize the "exclusive means of judicial review": filing a new petition for judicial review. NRS 233B.130(6). On judicial review after remand, a party may challenge the administrative proceedings by asserting that the district court lacked jurisdiction to order the remand. *See K-Kel, Inc. v. State, Dep't of Tax'n*, 134 Nev. 78, 80-81, 412 P.3d 15, 17 (2018).

Here, Rocha permissibly filed PJR II to contest the agency decision after remand from PJR I. Moreover, Rocha did not waive his challenge to the jurisdictional defects because subject matter jurisdiction can be raised at any time. *See Landreth v. Malik*, 127 Nev. 175, 179, 251 P.3d 163, 166 (2011). The district court thus erred in finding that the scope

5

of its review did not encompass Rocha's jurisdictional arguments. Of course, adjudicating the district court's jurisdiction over PJR I presupposes the district court's jurisdiction over PJR II, so we now examine whether Rocha properly filed PJR II.

*The district court lacked jurisdiction to adjudicate PJR II*

DHHS contends that the district court lacked jurisdiction to adjudicate PJR II because it was improperly captioned. Rocha does not directly dispute that contention. He argues that we should nevertheless decline to consider the district court's jurisdiction over PJR II because the district court lacked jurisdiction over PJR I, DHHS failed to cross-appeal the denial of its motion to dismiss PJR II, and DHHS did not file an adequate record appendix.

Petitions for judicial review must "[n]ame as respondents the agency and all parties of record to the administrative proceeding." NRS 233B.130(2)(a). We have previously recognized that the courts' jurisdiction to review agency decisions is a creature of statute, requiring strict compliance with NRS 233B.130(2)(a)'s requirements.[2] *Washoe County v. Otto*, 128 Nev. 424, 431-32, 282 P.3d 719, 724-25 (2012) ("Nothing in the language of [NRS 233B.130(2)(a)] suggests that its requirements are anything but mandatory and jurisdictional."). Relevant here, if petitioners do not name every respondent in the caption as required by NRS 233B.130(2), then the district court lacks jurisdiction over the petition.

---

[2]We acknowledge that this strict compliance standard may operate as a trap for the unwary. Further, some of NRS 233B.130(2)'s requirements may seem anachronistic in the modern legal landscape. Nevertheless, as judicial review of administrative decisions is a creature of statute, abrogating this stringent standard is a matter of legislative prerogative.

6

*Whitfield v. Nev. State Pers. Comm'n*, 137 Nev. 345, 347, 492 P.3d 571, 574 (2021).

Rocha sought judicial review of the decision by the Commission's hearing officer but named only DHHS as a respondent in PJR II. NRS 233B.130(2)(a) plainly requires Rocha to also name the Commission as a respondent. The petition was therefore defective and did not invoke the district court's jurisdiction to adjudicate PJR II. Although Rocha attempted to cure the defect by amending the petition's caption, the amendment was untimely. *See Whitfield*, 137 Nev. at 350, 492 P.3d at 575-76 (holding that a district court lacks jurisdiction to allow the amendment of a defective petition for judicial review after the filing deadline passes).

We are not convinced by any of Rocha's arguments that we should overlook the petition's clear deficiency.[3] First, Rocha asserts that the district court lacked jurisdiction to consider PJR I and thus the district court's lack of jurisdiction over PJR II is immaterial. This is incorrect. Even if the district court lacked jurisdiction to adjudicate PJR I—an issue on which we take no stance—PJR II is the vehicle by which the district court determines whether it had jurisdiction over PJR I. It follows that if the district court lacks jurisdiction over PJR II, then we look no further at PJR II's merits, including whether the district court had jurisdiction over PJR I.

---

[3]Additionally, the district court's conclusion that it had jurisdiction over PJR II because it consolidated PJR I and II was erroneous because consolidation cannot confer subject matter jurisdiction. *See In re Est. of Sarge*, 134 Nev. 866, 870-71, 432 P.3d 718, 722 (2018) (holding that consolidated cases "retain their separate identities"); *Cole v. Schenley Indus., Inc.*, 563 F.2d 35, 38 (2d Cir. 1977) (holding that consolidated cases must each have independent jurisdictional bases).

*See Brown v. MHC Stagecoach*, 129 Nev. 343, 348 n.2, 301 P.3d 850, 853 n.2 (2013).

Rocha next argues that DHHS's failure to cross-appeal the denials of its motions to dismiss precludes our review of this issue. This contention is unpersuasive for two reasons. First, DHHS was not required to cross-appeal to raise this issue. *See Ford v. Showboat Operating Co.*, 110 Nev. 752, 755, 877 P.2d 546, 548 (1994) ("A respondent may, however, without cross-appealing, advance any argument in support of the judgment even if the district court rejected or did not consider the argument."). Second, subject matter jurisdiction can be raised at any time; we thus discern no impediment to our review of whether the district court had jurisdiction over PJR II. *See Landreth*, 127 Nev. at 179, 251 P.3d at 166.

Rocha finally contends that DHHS did not file an adequate appendix such that we should not review the issue. Although DHHS did not include the parties' briefing before the district court, it included the court's orders. Between the orders and the petitions for judicial review included in Rocha's appendix, we have a sufficient record upon which to address jurisdiction.

In sum, we hold that the district court lacked jurisdiction to consider PJR II. Accordingly, all of the district court's orders and decisions regarding PJR II must be vacated. *See K-Kel, Inc.*, 134 Nev. at 82, 412 P.3d at 18 (concluding that because a petition for judicial review was deficient, "the district court's subsequent orders in that action are necessarily void").

## *CONCLUSION*

A district court's actions are void absent subject matter jurisdiction. In the context of petitions for judicial review, a petitioner must strictly comply with NRS 233B.130(2)'s requirements to invoke a district court's subject matter jurisdiction. As Rocha did not properly caption PJR

8

II, the district court lacked jurisdiction to consider his claims. We note, however, that had Rocha properly captioned PJR II—and otherwise complied with NRS 233B.130(2)—the district court would have been required to consider his contention that PJR I did not invoke the district court's subject matter jurisdiction. Ultimately, the district court improperly denied PJR II on the merits when it should have dismissed it for lack of subject matter jurisdiction. We therefore vacate the district court order denying PJR II and remand with instructions to dismiss PJR II for lack of jurisdiction.

Stiglich. J.

We concur:

Herndon, C.J.

Parraguirre, J.

Bell, J.

Cadish, J.

Lee, J.

9

PICKERING, J., concurring:

I concur in the result but only because compelled to do so by the majority decision in *Whitfield v. Nevada State Personnel Commission*, 137 Nev. 345, 492 P.3d 571 (2021). As discussed in the *Whitfield* dissent, *id.* at 352-56, 492 P.3d at 578-81, I do not agree that a party's failure to strictly comply with NRS 233B.130(2)(a)'s requirements for petitions for judicial review means a district court lacks subject matter jurisdiction to hear the dispute. Our district courts are courts of general and not limited jurisdiction. Nev. Const. art. 6, § 6. It thus does not make sense to elevate a simple procedural misstep to a fatal jurisdictional failure. Many such petitions, moreover, are filed by self-represented litigants, seeking review of agency orders denying unemployment compensation, revoking their driver's license, or affecting a basic human need. To promote fundamental fairness, I would hold that so long as the petition is timely filed, the procedural requirements can be satisfied by subsequent amendment, even though the amendment is made after the filing time expires, as most general jurisdiction courts elsewhere have held. *See Whitfield*, 137 Nev. at 355-56, 492 P.3d at 580-81 (Pickering and Parraguirre, JJ., dissenting) (canvassing law elsewhere on this point).

Pickering

Pickering, J.